UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAYLA MCKENZIE M.,

                           **Plaintiff,**

                 v.                              5:23-CV-1561
                                                      (FJS/ML)
COMMISSIONER OF SOCIAL SECURITY,

                           **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street, Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard - 1520 Annex<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **SHANNON FISHEL, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of Defendant Commissioner of Social Security denying her application for Child's Insurance Benefits ("CIB"). *See* Dkt. No. 1. The Court referred this matter to Magistrate Judge Lovric for a report-recommendation. After reviewing the parties' briefs, *see* Dkt. Nos. 13, 16, 19, and the Administrative Record, *see* Dkt. No. 10, Magistrate Judge Lovric issued a Report-Recommendation, in which he recommended that the Court affirm the Commissioner's decision; grant Defendant's motion for judgment on the pleadings, deny Plaintiff's motion for judgment on

the pleadings, and dismiss Plaintiff's complaint. *See* Dkt. No. 20 at 25. Plaintiff filed an objection to Magistrate Judge Lovric's recommendations, *see* Dkt. No. 21, to which Defendant filed a response, *see* Dkt. No. 22.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'" *Krueger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487, (S.D.N.Y. 2009) (citation omitted). A court reviews for clear error findings and recommendations as to which there are no properly preserved objections. *See id.* Likewise, "'[w]here, [as here], an objecting party . . . simply reiterates [her] original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Timothy B. v. Comm'r of Soc. Sec.*, No. 8:17-CV-0399 (GTS/WBC), 2018 WL 3853999, *1 (N.D.N.Y. Aug. 14, 2018) (quoting *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at *1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (internal quotation marks omitted)), *aff'd sub. nom. Barnaby v. Berryhill*, 773 F. App'x 642 (2d Cir. 2019). "After conducting this review, 'the Court may "accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge."'" *Jeff J. S. v. Colvin*, No. 8:23-CV-1576 (FJS/PJE), 2025 WL 254898, *1 (N.D.N.Y. Jan. 21, 2025)

## III. DISCUSSION

Plaintiff's objections are objections in name only. *See* Dkt. No. 1. She does not even try to disguise this fact; she merely states that she "maintains the ALJ failed to properly evaluate multiple opinions in rejecting Plaintiff's claim of disability" and cites the portion of the brief she filed in support of her motion for judgment on the pleadings, which Magistrate Judge Lovric has already considered. *See* Dkt. No. 21, Plaintiff's Objection, at 1 (citing Dkt. No. 13 at 9-16). Therefore, the Court will review Magistrate Judge Lovric's recommendations for clear error.

In evaluating whether there was substantial evidence in the record to support the ALJ's decision, Magistrate Judge Lovric began by summarizing the treating source opinions, *see* Dkt. No. 20, Report-Recommendation, at 11-16, and the consultative opinions, *see id.* at 16-19. Having done so, Magistrate Judge Lovric then reviewed the record, *see id.* at 19-22, and concluded that "the record demonstrate[d] that the ALJ adequately evaluated the medical opinion evidence in making his disability determination," *see id.* at 22. Magistrate Judge Lovric also found that, [f]or each opinion, the ALJ [had] referred back to specific clinical findings that prompted him to find certain portions more or less persuasive." *See id.* at 23 (citing *Natasha R.*, 2019 WL 1260049, at *11). Finally, Magistrate Judge Lovric concluded that, "[w]hen considering treating source opinions, the ALJ . . . properly considered the opinion's consistency with treatment notes from other providers in the same practice." *See id.* (citing *Rubin v. O'Malley*, 116 F.4th 145, 157 (2d Cir. 2024) (when evaluating persuasiveness of clinic supervisor's opinion, ALJ should have considered its consistency with treatment notes from other members of Plaintiff's care team)).

Magistrate Judge Lovric recognized that "Plaintiff ha[d] identified evidence that she argue[d] supports a finding of disability" but that those challenges were "'premised upon a disagreement over how the ALJ resolved arguably conflicting evidence' about Plaintiff's functional limitations." *See id.* at 23 (citation omitted). Moreover, Magistrate Judge Lovric correctly noted that it was not the Court's function to "reweigh the evidence presented to the ALJ." *See id.* (citing *Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'" (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996) (alteration in original)), *rep't-rec. adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016)) (other citations omitted).

In sum, after reviewing the record in its entirety, Magistrate Judge Lovric "conclude[d] that the ALJ marshaled objective medical evidence, treatment notes, medical opinions, and relevant testimony in his analysis of the supportability and consistency of the various medical and mental health opinions and adequately explained his reasons for finding portions of those opinions unpersuasive." *See id.* at 24 (citing *Noreen D. v. Berryhill*, No. 18-CV-722 (NAM), 2019 WL 2171116, at *11 (N.D.N.Y. May 20, 2019) (ALJ had substantial evidence to discount treating source opinion where it "appears both internally inconsistent with his own records, and inconsistent with the record evidence as a whole.")).

After reviewing the record, the ALJ's decision and Magistrate Judge Lovric's Report-Recommendation, the Court finds no error, let alone clear error, in Magistrate Judge Lovric's conclusion that there was substantial evidence in the record to support the ALJ's decision.[1]

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lovric's January 21, 2025 Report-Recommendation, *see* Dkt. No. 20, is **ADOPTED in its entirety for the reasons stated therein**; and the Court further

**ORDERS** that Defendant's decision, *see* Dkt. No. 10, AR, at 15-26, is **AFFIRMED** and Defendant's motion for judgment on the pleadings, *see* Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2025
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] The Court notes that there is no basis for Plaintiff's argument that Magistrate Judge Lovric "invent[ed] new reasons why the ALJ's decision was supported by substantial evidence" or that Magistrate Judge Lovric relied on "impermissible *post-hoc* rationalizations" to reach his conclusion that there was substantial evidence in the record to support the ALJ's decision. *See* Dkt. No 21 at 3 (citation omitted).